UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LEOLA MEEKS, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
|   v. | )   No. 4:06CV1257(DJS) |
| | ) |
| WILLIAM VERHAEGHE, et al., | ) |
| | ) |
|        Defendants. | ) |

### ORDER AND MEMORANDUM

This matter is before the Court upon the application of Leola Meeks for leave to commence this action without payment of the required filing fee [Doc. #1]. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v.

Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

### The complaint

Plaintiff seeks damages for alleged violations of her constitutional rights pursuant to 28 U.S.C. § 1983. Briefly, plaintiff alleges that the defendants violated her fourth, eighth, and fourteenth amendment rights in connection with a search of her house and seizure of certain property that occurred in December 1999.

### Discussion

Plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's claims are subject to a five-

year limitations period.  See Mo. Rev. Stat. § 516.120(4).  Because plaintiff did not file this case until 2006 the instant claim should be dismissed as time barred.  Myers v. Vogal, 960 F.2d 750, 751 (8th Cir. 1992) (per curiam) (holding that district court may properly dismiss complaint under § 1915 when it is apparent that statute of limitations has run).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #1] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both.  See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this   13th   day of October, 2006.


**/s/Donald J. Stohr**
**UNITED STATES DISTRICT JUDGE**